IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DALE A. CASTRO,
    Plaintiff,

vs.                                    Case No.:  3:20cv2337/LAC/EMT

WARDEN C. MAIORANA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dale A. Castro ("Castro"), an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se and in forma pauperis, has filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of the issues presented in Castro's Complaint, it is the opinion of the undersigned that his Complaint should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

I.      STATUTORY SCREENING STANDARD

Because Castro is a prisoner proceeding in forma pauperis, the court must dismiss this case if the court determines that his Complaint fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the Complaint are taken as true and construed in the light most favorable to Castro. *See Davis v. Monroe Cty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation marks and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of

the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation marks and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

II.  DISCUSSION

Castro names C. Maiorana, the Warden of Blackwater River Correctional Facility, as the sole Defendant in this case (ECF No. 1 at 1–2). Quite simply, Castro states he wants to change his name to John Doe (*id.* at 3–5). Presumably, Warden Maiorana denied his request.

Castro's Complaint does not mention any federal law that Warden Maiorana violated, or any conduct which deprived him (Castro) of a constitutional right. Furthermore, Warden Maiorana has no legal authority to grant Castro a legal name change. Under Florida law, only Florida state courts have jurisdiction to change the name of any person residing in the state. *See* Fla. Stat. § 68.07.[1]  Therefore, if

---

[1] Castro is advised that if he was convicted of a felony after June 15, 1995, his civil rights have been suspended, *see* Fla. Stat. § 944.292(1), and he is not eligible for a legal name change. *See* Fla. Stat. § 68.07(2)(l); *see also Finfrock v. State*, 932 So. 2d 437, 438 (Fla. 4th DCA 2006).

Warden Maiorana denied Castro's request for a name change, this conduct did not violate Castro's state or federal rights.

III.   CONCLUSION

Accepting Castro's factual allegations as true and liberally construing them in the light most favorable to Castro, he has not alleged facts which state a plausible federal claim against Warden Maiorana. Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Castro's claim concerning Warden Maiorana's failure to change his name is unarguably without legal merit, and the pleading deficiency cannot be cured by amendment. Therefore, this action should be dismissed, with prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and § 1915A(b)(1).[2]

---

[2] The "Relief" section of the complaint form instructs Castro to state briefly what he wants the court to do for him (*see* ECF No. 1 at 5). Castro wrote, "My name to be John Doe, and my medical needs." (*id.*). If Castro wishes to bring federal claims concerning his medical treatment at Blackwater River C.F. (or lack thereof), he may assert those claims in a separate civil rights action.

Case No.: 3:20cv2337/LAC/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1.  This case be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); and

2.  The clerk of court be directed to enter judgment accordingly and close the case.

**DONE AND ORDERED** this 19th day of May 2020.

>   */s/ Elizabeth M. Timothy*
>   **ELIZABETH M. TIMOTHY**
>   **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**